# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1867 | **DATE** | 10/20/2003 |
| **CASE TITLE** | PRG-SCHULTZ INTL., et al. vs. KIRIX CORP., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiffs' motions *in limine* to bar defendants' use of depositions taken in unrelated litigation [115-1], the testimony of undisclosed witnesses [114-1], defendants' expert from testifying regarding misappropriation of plaintiffs' trade secrets [118-1] are denied. Defendants' motion *in limine* to bar the testimony of plaintiffs' damages expert, Neil N. Lapidus, [116-1] and to bar plaintiffs' claim for damages [116-2] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| ✓ | Notified counsel by telephone. | | OCT 21 2003 | | |
| | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | 130 |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| CB | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRG-SCHULTZ INTERNATIONAL, INC. )
and PRGRS, INC., )
                                    )
                                    )     No. 03 C 1867
                     Plaintiffs, )
                                    )     Suzanne B. Conlon, Judge
    v. )
                                    )
KIRIX CORPORATION, NATHANAEL B. )
WILLIAMS, AARON L. WILLIAMS, DAVID Z. )
WILLIAMS, and BENJAMIN I. WILLIAMS, )
                                    )
                   Defendants. )

## MEMORANDUM OPINION AND ORDER

PRG-Schultz International, Inc. and PRGRS, Inc. (collectively, "plaintiffs") sue Kirix

Corporation ("Kirix") and four former employees, Nathanael, Aaron, David and Benjamin Williams

(collectively, "the individual defendants") for copyright infringement in violation of the Copyright

Act of 1976, 17 U.S.C. § 101 *et seq.* (Count I) and trade secret misappropriation in violation of the

Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.* (Count II). Plaintiffs also bring claims

for common law breach of contract against Nathanael (Counts III and IV) and Aaron (Count V)

individually. The court granted defendants' motion for summary judgment on plaintiffs' copyright

infringement claim, but set the case for trial on their trade secret misappropriation and breach of

contract claims. *See PRG-Schultz Int'l, Inc. v. Kirix Corp.*, 2003 WL 22232771 (N.D. Ill. Sept. 22,

2003). The parties move *in limine* to bar evidence at trial.

## DISCUSSION

### I. Standard of Review

The background of this case is discussed in the court's order addressing defendants' summary judgment motion. Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### II. Plaintiffs' Motions *in Limine*

### A. Depositions

Plaintiffs move to bar defendants' use of summaries of 14 depositions taken in *Howard Schultz & Associates Int'l, Inc. v. Evert Software, Inc.*, 01 C 547 (D. Mn.) as inadmissible hearsay. Defendants claim Fed. R. Evid. 804(b)(1), in conjunction with Fed. R. Civ. P. 32(a)(3)(B), permits the use of these depositions at trial.

Rule 804(b)(1) provides:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> > (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against

whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Although Rule 804(a) defines unavailability for purposes of the Rule 804(b), Fed. R. Civ. P. 32(a)(3)(B) provides "a freestanding exception to the hearsay rule." *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002). Specifically, "[e]vidence authorized by Rule 32(a) cannot be excluded as hearsay, unless it would be inadmissible even if delivered in court." *Id.*

Under Rule 32(a)(3)(B):

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: that the witness is a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition.

Plaintiffs do not dispute that the deponents are located more than 100 miles from the courthouse. Nor do plaintiffs contend that their absence (or distance) was procured by defendants. Therefore, defendants satisfy the unavailability requirement of Rule 804(b)(1).

Defendants further demonstrate plaintiffs' predecessor in interest, Howard Schultz & Associates ("HS&A"), had an opportunity and similar motive to develop relevant testimony in *Evert*. As an initial matter, plaintiffs argue they were not parties to the Evert litigation. However, Rule 804(b)(1) applies to matters involving a "predecessor at interest." Plaintiffs admit they are a predecessor in interest to HS&A. *See, e.g.,* Pl. Motion at 2 ("These depositions were taken some two years ago, however, in an unrelated case (Evert Litigation) involving PRG-Schultz's predecessor in interest, Howard Schultz & Associates International, Inc."). Therefore, plaintiffs are deemed to have had an opportunity to develop relevant testimony.

Moreover, plaintiffs had a similar motive. To determine whether similar motive exists, "courts look to the similarity of issues and the purpose for which the testimony was given." *United*

3

*States v. Reed*, 227 F.3d 763, 768 (7th Cir. 2000). According to plaintiffs, "[t]his case, first and foremost, involves infringement and misappropriation of SUREF!ND's recovery audit functionality, including, but not limited to, its confidential and proprietary recovery audit modules and the proprietary business logic underlying the modules." *PRG-Schultz*, 2003 WL 22232771, at *4. Although plaintiffs claim the *Evert* case involved the "alleged misappropriation of client-specific auditing techniques not at issue here – namely techniques PRG-Schultz's predecessor in interest (HS&A) had developed for Target," the record does not support this contention. Pl. Motion at 4, *citing* Pl. Ex. 1. Rather, the *Evert* complaint reveals similar allegations regarding the misappropriation of confidential and trade secret information, including:

> accounting and audit recovery business methodologies, audit principles and procedures contained in HS&A's Strategic Audit Processes guide; auditing routines, algorithms and programs constituting and/or incorporated in HS&A software, including, but not limited to HS&A's SUREF!ND and DIRECTF!ND programs; sales strategies and polices; product development information; financial and usage reports; and customer lists.

Pl. Ex. 1 at ¶ 23. Indeed, plaintiffs have not objected to defendants proffered deposition testimony, either in a motion *in limine* or in the pretrial order, as irrelevant. Based on this record, plaintiffs' motion must be denied.

**B.      Undisclosed Witnesses**

Plaintiffs next move to bar Melissa Norton, Guy VanHolsbeeck and Will Yancy from testifying because defendants failed to disclose them in their supplemental disclosures pursuant to Fed. R. Civ. P. 26(e)(2). In response, defendants removed Yancy from their witness list.

Rule 26 requires a party to provide:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . , identifying the subjects of the information.

Fed. R. Civ. P. 26(a)(1)(A). A party must supplement or amend its disclosures if it learns that the information previously disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(c)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998).

Defendants claim they were justified in not disclosing Norton and VanHolsbeeck because both were identified as possible witnesses during discovery. The advisory committee notes to Rule 26(e) provide in relevant part:

> There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . .

Contrary to defendants' position, their inquiries about Norton and VanHolsbeeck during discovery fall short of identifying them as possible witnesses.

Nevertheless, defendants' tardy failure to identify Norton and VanHolsbeeck is not prejudicial. Defendants intend to present Norton's testimony through a summary of her deposition in *Evert*. Plaintiffs had the opportunity to counterdesignate relevant portions of Norton's testimony in the summary of her deposition testimony. VanHolsbeeck, who resides in Spain, is on defendants' may call witness list. If defendants actually decide to call VanHolsbeeck to testify, plaintiffs are

5

granted leave to depose him in Chicago prior to his testimony. Therefore, plaintiffs' motion is denied provided that defendants produce VanHolsbeeck for a deposition before he is called as a witness.

## C.    Expert Testimony

Without citing a procedural basis for their motion, plaintiffs move to bar defendants' proposed expert, David Beazley, from testifying as an expert on plaintiffs' trade secret misappropriation claim. According to plaintiffs, Beazley does not have an opinion on whether defendants misappropriated a trade secret. However, an expert's testimony need not relate to the ultimate issue to be relevant under Rule 702. *Smith v. Ford Motor Co.*, 215 F.3d 713, 721 (7th Cir. 2000). Plaintiffs do not challenge Beazley's credentials, the reasoning or methodology underlying his conclusions or whether his testimony will assist the jury in understanding the evidence or determining a fact in issue. *See Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)(outlining appropriate challenges to admission of expert testimony). Absent a valid basis for excluding Beazley's testimony, plaintiffs' motion must be denied.

## III.    Defendants' Motion *in Limine*

Without citing a procedural basis for their motion, defendants move to bar plaintiffs' proposed expert, Neil M. Lapidus, from testifying as an expert on lost profits at trial. According to defendants, Lapidus' testimony is fundamentally flawed because lost profits will be rendered moot by injunctive relief. In addition, defendants move to bar plaintiffs' claim for damages based on their alleged failure to produce relevant documents. Both arguments lack merit.

6

As an initial matter, the court will not revisit defendants' argument that plaintiffs' damages

claim should be barred for their alleged failure to produce documents. *See* Minute Order dated July

31, 2003. Moreover, defendants have not established that plaintiffs' claim for injunctive relief

renders their claim for lost profits moot. An award of lost profits may eliminate the need for

injunctive relief. *See Minnesota Mining & Mfg. Co. v. Pribyl*, 259 F.3d 587, 608-09 (7th Cir.

2001)("plaintiff who has been compensated for lost future damages should not receive an injunction

against permanent use"). Permanent injunctive relief may be inappropriate if defendants establish

they would have been able to independently develop plaintiffs' trade secret. *Id.* at 609. *See also*

765 ILCS 1065/3 ("the injunction may be continued for an additional reasonable period of time in

appropriate circumstances for reasons including, but not limited to an elimination of the commercial

advantage that otherwise would be derived from the misappropriation") Accordingly, defendants'

motion must be denied.

## CONCLUSION

The parties' motions *in limine* are denied.

October 20, 2003                              ENTER:

                                             _Suzanne B. Conlon_
                                             Suzanne B. Conlon
                                             United States District Judge

7